IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-10-CR-557 JRN |
| | § | |
| QUINCY NEAL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on December 15, 2015, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On January 26, 2011, the Defendant was sentenced to 46 months in prison, and three years of supervised release, for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The Defendant was released from the Bureau of Prisons and began supervision on August 16, 2013. Neal's adjustment to supervision has been bumpy, largely as a result of his mental health issues. On November 10, 2013, Neal was arrested for the offenses of Driving While Intoxicated - State Jail Felony - With Child Passenger and Possession of a Controlled Substance Less Than 28 Grams. Neal was released on bond on the state charges, and the Probation Office submitted a petition to address the new arrests. Because there had not been a recent mental health evaluation completed, and

because the government's counsel recommended it, the Court ordered that no warrant issue immediately, and instead ordered Neal be evaluated by a mental health professional, after which the Court would consider the petition. Before that could happen, Neal suffered a "mental breakdown," and was admitted to the Seton Shoal Creek Hospital. This caused Neal to miss court appearances on the state charges. Shortly after his discharge from the hospital, Neal got into a disturbance that resulted in police being called. When officers discovered the warrants, Neal was then arrested.

Neal then remained in state custody until September 9, 2014, when all of the state charges were dismissed for insufficient evidence. As reflected in the undersigned's order in this case dated October 21, 2014 (Dkt. No. 55), the government, the Court, and Neal all agreed to "hit the reset button," and attempt to accomplish the psychological evaluation the Court had ordered in November 2013, a year earlier. The government therefore withdrew its petition, and the Court ordered Neal released, subject to the conditions of his supervision requiring an evaluation, and subsequent counseling and medication management.

Neal did well on this program for nearly a year. In September 2015, however, Neal was again arrested after a disturbance call, again as the result of an older warrant. He was released on a bond, but had apparently stopped taking his medications, or his medication regimen was interrupted by his arrest. Whichever the case, on September 20, 2015, Neal attempted to check himself into the Seton Shoal Creek Hospital, but was not admitted, and was eventually ushered out of the hospital with a trespass warning. Two days later, Neal was arrested attempting to leave a Walmart store with nearly $2,000 in merchandise. Neal was arrested and charged with theft and resisting arrest. He remained in custody on those charges until December 9, 2015, when he pled guilty to the theft charge, was sentenced to 15 days of imprisonment, and the resisting arrest charge was dismissed. Prior to that time, the Probation Office has filed a new petition, and requested a

warrant, which the undersigned issued on September 30, 2015. Neal was remanded to federal custody as a result of that warrant when he was released by state authorities.

On December 15, 2015, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.[1]

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

---

[1] The petition included a violation alleging that Neal had tested positive for the use of marijuana. Neal pled "not true" to this allegation, and the government agreed to withdraw that portion of the petition. The Court therefore makes no finding on this alleged violation.

8.     The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9.     The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10.    The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11.    The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.    The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.    The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.    The Defendant violated conditions of his supervised release by: (1) committing the misdemeanor crime of theft; (2) failing to take his medication as prescribed; (3) failing to notify the Probation Office of his encounter with police on September 20, 2015.  The Court further finds that Neal did not violate his conditions by missing counseling appointments in September, as he was in custody at the time of the appointments.

## III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment.

Having considered all of the above, and noting that in the past two years, Neal has spent nearly one year in jail, despite being convicted on only one misdemeanor charge with a sentence of

15 days, the Court **RECOMMENDS** that the Defendant be **CONTINUED** on supervised release. During this time, the Court directs that the Probation Office work with Neal and his family to prepare them for transferring the management of Neal's mental health conditions from contractors working with the Probation Office to state and county mental health programs. This will provide Neal the best chance of stability possible when his supervised release ends in nine months, which is plainly in the public's interest. As the Court reminded Neal, he will have to be diligent in maintaining his medication regimen if he wants to succeed in completing his term of supervised release.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of December, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE